UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT FLYNN, and : | |
| KIMBERLY FLYNN, *his wife*, : | |
| : | |
| Plaintiffs | CIVIL ACTION NO. 3:13-2993 |
| : | |
| v. | |
| : | (JUDGE MANNION) |
| NATIONWIDE INSURANCE | |
| COMPANY of AMERICA, : | |
| Defendant : | |

# M E M O R A N D U M

Plaintiff Robert Flynn was driving his mother's car along a highway in Connecticut when he stopped on the road's right shoulder. While he was stopped, another driver rear-ended him. Plaintiff suffered serious injuries as a result of the accident. He received $100,000.00 from the other driver's insurance company, and $25,000.00 from the insurance policy on his mother's car. These funds were insufficient to cover plaintiff's damages. Plaintiff then made a demand to his insurer, defendant Nationwide, for the limits of his underinsured motorist policy. Ongoing settlement discussions did not result in offers from defendant that plaintiff considered to reflect the seriousness of his injuries, and plaintiff filed suit against Nationwide for breach of contract, wage loss, bad faith, and loss of consortium. Defendant has moved to dismiss Count III, the bad faith claim, and to strike any mention of defendant's "fiduciary" duty from the complaint.

**I.    BACKGROUND**

Plaintiffs' amended complaint, (Doc. 7), alleges that plaintiff Robert Flynn was operating his mother's car on Interstate 84 in Connecticut on June 4, 2009, and had stopped on the right shoulder of the highway when another motorist rear-ended Mr. Flynn's vehicle. Mr. Flynn sustained injuries to his cervical, thoracic, and lumbar spine, tore his rotator cuff, and partially tore tendons in his shoulder. Treatment for these injuries included arthroscopic repairs, physical therapy, diagnostic testing, pain medication, and rehabilitation services. Plaintiff was unable to work while he recovered from these injuries.

Plaintiff had an insurance policy with defendant Nationwide Insurance Company of America ("Nationwide"). On December 22, 2009, plaintiff informed Nationwide that he intended to pursue an underinsured motorist claim. The driver who rear-ended him was insured by GEICO, and had a policy with bodily liability protection limits up to $100,000.00 per person. On December 22, plaintiff informed Nationwide of the limits of this policy and requested consent to settle for the policy limits. The limits of this policy were tendered to plaintiff, but they were insufficient to cover his damages. His mother's car had an Allstate insurance policy with underinsurance policy limits of $25,000.00. Plaintiff informed defendant Nationwide that Allstate offered the policy limits to him on February 23, 2010, and requested consent to settle. The limits of the Allstate policy were tendered to plaintiff, but these additional

monies were not sufficient to compensate him for the injuries he sustained.

Plaintiffs negotiated with Nationwide through March 21, 2013, and provided medical records and reports of Mr. Flynn's condition and wage information until that time. Negotiations ended on that date. Plaintiffs contend that Nationwide's offers are not reasonably based upon the medical evidence they have submitted. On June 14, 2012, Nationwide requested additional documentation regarding wages and indicated that its investigation was not complete. On July 23, 2012, Nationwide issued plaintiff a check for $5,000.00 for wage losses and continued to seek records to support the loss of additional wages.

Plaintiffs are citizens of Pennsylvania, and defendant is incorporated and has its principal place of business in Ohio. Plaintiff brought this suit on November 14, 2013 in the Court of Common Pleas of Wayne County, and defendants removed the action on December 13, 2013, pursuant to 28 U.S.C. §1441 and §1332. (Doc. 1). Plaintiffs subsequently amended their complaint. (Doc. 7). Defendant has filed the instant motion, (Doc. 10), moving to dismiss Count III of the amended complaint, the bad faith claim, and to dismiss and/or strike any references to a fiduciary duty owed to plaintiff by defendant.

## II.   STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint,

in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. See Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit

4

to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

### III. DISCUSSION

<u>Bad Faith Claim</u>

Defendant argues that plaintiffs' bad faith claim is supported entirely by conclusory allegations. Pennsylvania's bad faith statute, 42 Pa.C.S. §8371, outlines actions a court may take should it find that an insurer has acted in

5

bad faith:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. §8371. The Third Circuit has subsequently defined bad faith under this statute:

> 'Bad faith' on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir.2005) (quoting Terletsky v. Prudential Prop. and Cas. Ins. Co., 437 Pa.Super. 108, 649 A.2d 680, 688 (1994)). To succeed on a bad faith claim, a plaintiff must demonstrate "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Verdetto v. State Farm Fire & Cas. Co., 837 F. Supp. 2d 480, 484 (M.D. Pa. 2011) aff'd, 2013 WL 175175 (3d Cir. Jan. 17, 2013) (quoting Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir.1997)). Mere negligence, however, is not sufficient to establish a bad faith

claim. See id. (citing Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 751 (3d Cir.1994)). In addition, a plaintiff must demonstrate bad faith by clear and convincing evidence. See id.

"The 'clear and convincing' standard requires that the plaintiff show 'that the evidence is so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith.'" J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 367 (quoting Bostick v. ITT Hartford Group, Inc., 56 F.Supp.2d 580, 587 (E.D.Pa.1999)).

Plaintiffs allege that defendant engaged in bad faith by listing no fewer than fifteen acts. These include "failing objectively and fairly to evaluate plaintiffs' claim," "failing to adopt and implement reasonable standards in evaluating plaintiffs' claim," "failing to promptly offer reasonably payments to the plaintiffs," and "failing to make an honest, intelligent, and objective settlement offer." (Doc. 7, at 11-12). These fifteen allegations are purely conclusory legal statements, and are not factual allegations sufficient to make out plaintiff's claim for bad faith. Atiyeh v. National Fire Ins. Co. of Hartford, 742 F.Supp. 2d 591, 599 (E.D. Pa. 2010)(*citing* Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)); *see also* Yohn v. Nationwide Ins. Co., 2013 WL 2470963 (M.D. Pa. Jun. 7, 2013)(dismissing bad faith claim with a similar list of conclusory allegations). For instance, plaintiffs claim that Nationwide engaged in "abusive claims handling" without explaining what the abusive behavior was. Plaintiffs also make the perfunctory allegation that

Nationwide's payment offers weren't reasonable, but does not disclose what those offers were, what his damages were, or how defendant's offers were inadequate and unreasonable. These legal conclusions do not provide adequate support to make a plausible claim for bad faith.

Plaintiffs argue that they have established that Nationwide does not have a reasonable basis to deny coverage to plaintiff and that the insurance company recklessly disregarded evidence in Mr. Flynn's file. (Doc. 16, at 6). But plaintiffs fail to explain what evidence was disregarded and how disregarding it was reckless. Here, plaintiffs have done little more than state that they have a contract dispute, and assert that because the dispute has not yet ended in a manner favorable to them, that defendant has engaged in bad faith behavior. Plaintiffs do not even clearly allege whether they claim that bad faith was engaged in purely as to their claim for underinsured motorist benefits, or also as to their claim for lost wages. Without more specific factual allegations, this claim cannot stand. Plaintiffs' claim for bad faith is **DISMISSED**. Plaintiffs will be granted a final opportunity to amend their complaint to make out a bad faith claim.

Fiduciary Duty

Defendant also moves to strike any mention of a fiduciary duty it owes to plaintiffs from the complaint. Defendant argues that under Pennsylvania law, a fiduciary relationship between an insurer and policyholder arises only

in limited circumstances. *See* Condio v. Erie Ins. Exch., 899 A.2d 1136, 1145 (Pa. Super. 2006)(finding no heightened duty beyond duties of good faith and fair dealing in underinsured motorist claim). Defendant's brief indicates that plaintiffs concur in this portion of defendant's motion. (Doc. 13, at 12). Plaintiffs do not address the issue in their brief in opposition to the motion to dismiss. As the parties do not dispute this issue, all mentions of fiduciary duty in plaintiffs' amended complaint are stricken.

## IV.  CONCLUSION

For the above reasons, defendant's motion to dismiss plaintiffs' bad faith claim, (Doc. 10), is **GRANTED** and plaintiff's bad faith claim is **DISMISSED WITHOUT PREJUDICE**. All mentions of an alleged fiduciary duty on the part of defendant are **STRICKEN** from the complaint. Plaintiffs may amend their complaint to allege a bad faith claim by **July, 21 2014**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 7, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2993-01.wpd